UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

KASSAN BATTAH,

    Plaintiff,
v.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, KASSAN BATTAH, by and through the undersigned attorney, hereby files this Complaint for Damages, sues Defendant, CELEBRITY CRUISES, INC., (hereinafter "CELEBRITY"), and requests a jury trial on all issues so triable, and alleges as follows:

**GENERAL ALLEGATIONS**

1. This is an action seeking damages in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest, costs, and attorneys' fees.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333 and 1332. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum selection clause contained within the Cruise Ticket Contract issued by Defendant. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

3. At all times material hereto, KASSAN BATTAH is and was a citizen of the state of Michigan.

4. At all times material hereto, CELEBRITY was incorporated in Malta and had its principal place of business in Miami, Florida.

5. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

6. At all times material hereto, CELEBRITY owned, operated, maintained, managed, and/or controlled the cruise ship the Celebrity *Edge*.

7. On or about September 1, 2019, KASSAN BATTAH was a fare-paying passenger aboard the Celebrity *Edge*.

8. On or about September 1, 2019, KASSAN BATTAH was walking through an interior doorway in the ship when he tripped and fell on a dangerous condition. A concealed change in elevation in the doorway caused KASSAN BATTAH to trip and fall. The color of the threshold in the doorway matched with the color of the carpet and was not apparent. There were no warning signs present and no indication that there was a threshold in this area where KASSAN BATTAH tripped and fell.

9. The dangerous condition referred to herein includes the change in elevation, failure to provide contrast striping, failure to have non-slip material, improper lighting, optical illusion, and other conditions present in the doorway at the time of KASSAN BATTAH's incident.

10. As a result of this incident, KASSAN BATTAH sustained serious injuries, including a compression fracture of the L1 vertebrae and a torn rotator cuff in his left shoulder requiring surgical repair.

11. <u>NOTICE</u>: CELEBRITY knew or should have known that the subject doorway was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on that doorway threshold and/or substantially similar doorway thresholds aboard the *Edge* and other

vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation*, 272 F.Supp.3d 1336 (S.D. Fla. 2017)(J. Scola). Moreover, upon information and believe CELEBRITY has received several passenger complaints/comments about the unreasonably dangerous nature of the doorway and thresholds on its vessels. In addition, upon information and belief, knew or should have known that the subject threshold on the *Edge* was an unreasonably dangerous as a result of its participation design and construction of the *Edge* and approval of the design and construction of the doorway and step. *See Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. App. 837 (11th Cir. 2012). Moreover, CELEBRITY knew or should have known of the unreasonably dangerous condition of its doorway because the design, maintenance, and lighting methods used by CELEBRITY for these doorways and thresholds deviated from accepted industry safety practices. *See Holderbaum v. Carnival*, 87 F. Supp. 3d. 1345 (S.D. Fla. 2015) (J. Lenard).

## COUNT I
## NEGLIGENT FAILURE TO WARN

Plaintiff hereby adopts and incorporates paragraphs 1 through 11 as if fully set-forth herein, and alleges as follows:

12. <u>DUTIES OWED</u>: At all times material hereto, CELEBRITY had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the Celebrity *Edge* in a reasonably safe condition and manner. *See Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). Cruise lines owe their passengers a duty to warn of known or foreseeable dangers which are not open and obvious. *See Brown v. Carnival Corporation,* 202 F.Supp. 3d 1332 (S.D. Fla. 2016)(J. Ungaro) (citing *Witover v. Celebrity Cruises, Inc.,* 161 F. Supp. 3d. 1139, 1146 (S.D. Fla. 2016).

13. CELEBRITY is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their

employment with CELEBRITY including their failure to reasonably warn the Plaintiff about the unreasonably dangerous nature of the doorway and threshold.

14.     CELEBRITY breached the aforementioned duties of care owed to KASSAN BATTAH by failing to warn passengers, including KASSAN BATTAH, of the dangerous condition of the doorway and threshold when CELEBRITY knew or should have known through the exercise of reasonable care of the dangerous condition.

15.     As a direct and proximate result of the aforementioned negligence of CELEBRITY, Plaintiff, KASSAN BATTAH, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, disfigurement loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of his injuries.

16.     These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT II
## NEGLIGENT DESIGN, CONSTRUCTION, AND/OR APPROVAL OF THE SUBJECT DOORWAY AND STEP

Plaintiff hereby adopts and incorporates paragraphs 1 through 11 as if fully set-forth herein, and alleges as follows:

17. DUTIES OWED: At all times material hereto, CELEBRITY had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the Celebrity *Edge*, in a reasonably safe condition and manner. *See Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

18. The cruise line had the duty to use reasonable care in designing, constructing, and approving the areas of the vessel which the cruise line participated in either designing, construction, or approving. *Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx. 837 (11th Cir. 2012).

19. CELEBRITY is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with CELEBRITY including their failure to reasonably design, construct, and inappropriate approval of the unreasonably dangerous nature of the subject doorway and threshold.

20. CELEBRITY breached the aforementioned duties of care owed to KASSAN BATTAH by failing to construct, design, and approve a reasonably safe doorway and threshold for passengers, including KASSAN BATTAH, for use under foreseeable conditions, this includes CELEBRITY's failure to comply with applicable building, construction, design, and safety standards, as well as codes and regulations for the design and construction of doorways, steps, and walkways.

21. As a direct and proximate result of the aforementioned negligence of CELEBRITY, Plaintiff, KASSAN BATTAH, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, disfigurement loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of his injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT III
## NEGLIGENT LIGHTING OF THE DOORWAY AND STEP

22. Plaintiff hereby adopts and incorporates paragraphs 1 through 11 as if fully set-forth herein, and alleges as follows:

23. DUTIES OWED: At all times material hereto, CELEBRITY had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the Celebrity *Edge*, in a reasonably safe condition and manner. *See Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

24. CELEBRITY is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably maintain the subject doorway and threshold in a reasonable and safe condition.

25. CELEBRITY breached the aforementioned duties of care owed to the Plaintiff by failing to provide sufficient lighting on the doorway and threshold to allow a people walking through the doorway to readily observe the step and change in elevation under foreseeable circumstances.

26. As a direct and proximate result of the aforementioned negligence of CELEBRITY, Plaintiff, KASSAN BATTAH, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, disfigurement loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of his injuries.  These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable

law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT MAINTENANCE OF THE DOORWAY AND THRESHOLD

Plaintiff hereby adopts and incorporates paragraphs 1 through 11 as if fully set-forth herein, and alleges as follows:

27.  DUTIES OWED: At all times material hereto, CELEBRITY had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the Celebrity *Edge*, in a reasonably safe condition and manner. *See Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989).

28.  CELEBRITY is vicariously liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with CELEBRITY including their failure to reasonably maintain the subject doorway and threshold in a reasonable and safe condition.

29.  CELEBRITY breached the aforementioned duties of care owed to the Plaintiff by failing to reasonably replace and maintain the carpeting, structural, and other components of the doorway and threshold in proper condition for use by passengers under foreseeable conditions.

30.  As a direct and proximate result of the aforementioned negligence of CELEBRITY, Plaintiff, KASSAN BATTAH, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, disfigurement loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of his injuries.  These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Dated: October 30, 2020

Coral Gables, Florida

Respectfully Submitted,

**FLANAGAN PERSONAL INJURY & WRONGFUL DEATH LAW FIRM, P.A.**
*Counsel for Plaintiff*
2 Alhambra Plaza,  Suite 620
Coral Gables, Florida 33134
Tel: (305) 638 – 4143
Fax: (305) 397 - 2636

BY   */s/ Michael T. Flanagan*
Michael T. Flanagan, Esq.
Fla. Bar No. 0091072
Primary E-mail:  mtf@Florida-Justice.com
Sec. E-mail: mtfassistant@Florida-Justice.com
Nicole M. Perez, Esq.
Fla. Bar No. 107045
Primary E-mail:  nmp@Florida-Justice.com